## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

FREDDY CUEVAS SUSUICO,
DOB: 10/27/1976

Defendant.

) CRIMINAL CASE NO. **CF0490-24**
) GPD Report Nos. 24-14701/24-14874/24-14884
)
)
) **DECISION & ORDER**
) **RE: DEFENDANT FREDDY CUEVAS**
) **SUSUICO'S MOTION IN *LIMINE* TO**
) **EXCLUDE EVIDENCE OF**
) **MISCONDUCT COMMITTED DURING**
) **PRETRIAL DETENTION AND**
) **PRETRIAL RELEASE**
)

This matter came before the Honorable Alberto E. Tolentino on June 17, 2025, for a Motion Hearing. Defendant Freddy Cuevas Susuico ("Defendant") was present with counsel Attorney Heather Quitugua. Assistant Attorney General Grant Olan was present for the People of Guam ("People"). At this Motion Hearing, the parties were before the court to address Defendant's Motion in *Limine* to Exclude Evidence of Misconduct Committed During Pretrial Detention and Pretrial Release, which was filed on April 28, 2025. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude Evidence of Misconduct Committed During Pretrial Detention and Pretrial Release with respect to the Defendant's prior bad acts in CF0492-22.

\\

## BACKGROUND

On July 19, 2024, the People charged the Defendant via Indictment for the following offenses: (1) Three Counts of COMPLICITY TO COMMIT BURGLARY (As a 2nd Degree Felony) with a Notice of Commission of a Felony while on Felony Release; and (2) Three Counts of THEFT BY RECEIVING (As a 2nd Degree Felony). *See generally* Indictment (July 19, 2024). On October 29, 2024, the People subsequently filed a Superseding Indictment for the same offenses, but also attaching the Notice of Commission of a Felony while on Felony Release to the Second Charge of THEFT BY RECEIVING (As a 2nd Degree Felony). *See generally* Superseding Indictment (Oct. 29, 2024).

In anticipation for Jury Selection and Trial, which was previously scheduled for June 16, 2025, the Defendant filed seven motions. On January 6, 2025, the Defendant filed his Motion to Suppress Evidence, including all allegedly involuntary statements made by the Defendant to law enforcement; and all unrecorded (through video or audio) statements made by the Defendant to law enforcement. *See* Mot. Suppress (Jan. 6, 2025). The People filed its Opposition in response to the Motion to Suppress on January 17, 2025. *See generally* Ppl.'s Opp'n Suppress (Jan. 17, 2025).

The Defendant later filed the following motions on April 28, 2025: (1) Defendant Freddy Cuevas Susuico's Motion to Dismiss Indictment; (2) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Prohibit Defendant's Statements at Trial; (3) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude Mug Shots; (4) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude Any Prosecution Expert from Testifying; (5) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude Evidence of Any Misconduct Committed During Pretrial Detention and Pretrial Release ("Motion in *Limine*"); and (6) Defendant Freddy Cuevas Susuico's

Motion in *Limine* to Exclude All Evidence Not Discovered to Defendant by Law Enforcement as of April 14, 2025.

Despite proper service that was effectuated for these motions in *limine*, the People had filed no responses as of the Motion Hearing, which was previously scheduled for May 28, 2025. As a sanction for the People's failure to timely file responses to the Defendant's motions in *limine*, the court barred any oral argument form the People at the continued Motion Hearing scheduled for June 17, 2025. *See* Mot. Hr'g Mins. at 10:29:46 – 32:04AM (May 28, 2025). However, the court permitted the People leave of court to file late responses to the Defendant's motions no later than close of business on June 4, 2025. *Id.*[1]

In accordance with the court's new deadline, the People filed the following responses to the Defendant's motions mentioned above: (1) People's Opposition to Defendant's Motion to Dismiss Indictment; (2) People's Opposition to Defendant's Motion in *Limine* to Prohibit Use of Defendant's Statements at Trial; (3) People's Non-Opposition to Defendant's Motion in *Limine* to Exclude Mug Shots; (4) People's Opposition to Defendant's Motion in *Limine* to Exclude Any Prosecution Expert from Testifying; (5) People's Opposition to Defendant's Motion in *Limine* to Exclude Evidence of Any Misconduct Committed During Pretrial Detention and Pretrial Release ("People's Opposition"); and (6) People's Opposition to Defendant's Motion in *Limine* to Exclude All Evidence Not Discovered to Defendant by Law Enforcement as of April 14, 2025.

---

[1] If a motion is untimely filed, the court may allow the filing of motions beyond the time limit previously set by the court. *See* 8 GCA § 65.45 ("Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to § 65.15, or prior to any extension thereof made by the court, shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver."). Despite the People's failure to timely file responses in this case, the court still has an obligation to analyze the merits of the issue before it. In *Petition of Quitugua v. Flores,* the Supreme Court of Guam held that "the failure to file a written opposition, the filing of a notice non-opposition, or the disregard of untimely filed papers" does not relieve the lower court of its obligation to consider the merits of a motion before rendering its decision. *Petition of Quitugua v. Flores,* 2004 Guam 19 ¶¶ 27–28.

In his Motion in *Limine*, the Defendant argues that evidence of the Defendant's misconduct during pretrial detention or release should be excluded as irrelevant; unduly prejudicial or confusing to the jury; or as character evidence to punish or cau se the jury to base its decision on something other than the crimes in this case. *See* Def.'s Mot. *Limine* Misconduct (Apr. 28, 2025). In response, the People indicated that their intent to potentially use any evidence of the Defendant's misconduct would be to prove his intent, plan, knowledge, or absence of mistake or accident to commit the burglary and theft in this case. *See* Ppl.'s Opp'n *Limine* Misconduct (June 4, 2025).

On June 17, 2025, all parties were present before the court to address the Defendant's pending motions in this case. At the Motion Hearing, the Defendant referenced one prior and two subsequent criminal cases that he was charged in, which he believes should be excluded under Guam Rule of Evidence 404(b): CF0491-22; CF0492-22; CF0189-25. *See* Mot. Hr'g Mins. at 2:59:18 – 3:03:10PM (June 17, 2025). After hearing arguments on all motions, the court took the Motion in *Limine* under advisement.

## DISCUSSION

In his Motion in *Limine*, the Defendant seeks exclusion of "any evidence of misconduct by Mr. Susuico, regardless of whether charged, while on pretrial release and during pretrial detention" under Guam Rules of Evidence 404(b) and 403. Def.'s Mot. *Limine* Misconduct at 1 (Apr. 28, 2025). At the Motion Hearing, the Defendant also argued that this evidence is irrelevant under Guam Rule of Evidence 401 and should be excluded. *See* Mot. Hr'g Mins. at 2:59:18 – 3:03:10PM (June 17, 2025). Therefore, the court will review the Defendant's arguments for exclusion under GRE 401, 404(b), and 403.

\\

## A. Defendant Susuico's prior bad acts is relevant under GRE 401.

First, the Defendant's prior bad acts must be deemed relevant under GRE 401 for the court to determine its admissibility under GRE 404(b) and 403. Under GRE 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Guam R. Evid. 401.

While not argued in his written Motion in *Limine*, the Defendant indicated at the Motion Hearing that his prior bad acts in CF0492-22 and CF0189-25 is not relevant. *See* Mot. Hr'g Mins. at 3:18:50 – 22:30PM (June 17, 2025). With respect to his 2025 criminal matter, the Defendant argued that it is not relevant, because his subsequent acts in CF0189-25 do not show that the criminal conduct in this 2024 case were more or less likely to have occurred. *See* Mot. Hr'g Mins. at 2:59:18 – 3:03:10PM (June 17, 2025).

Although denying the opportunity to make oral arguments at the Motion Hearing for reasons stated earlier, the court permitted the People to file an untimely response to the Motion in *Limine*. For purposes of GRE 404(b), the People state that it will be offering the bad acts within the Defendant's two criminal cases, CF0492-22 and CF0189-25, "to prove the Defendant's intent, plan, knowledge, and absence of mistake or absence to commit burglary and theft in the instant case." Ppl.'s Opp'n Misconduct at 2.

In CF0492-22, the Defendant was charged in relevant part with: thirteen counts of THEFT BY RECEIVING (As a 2nd Degree Felony) under the first charge; eight counts of THEFT BY RECEIVING (As a 2nd Degree Felony) under the second charge; and two counts of BURGLARY (As a 2nd Degree Felony) under the third charge. *See People v. Susuico,* CF0492-22 (Superseding

Indictment at 1–8 (Oct. 29, 2024)).[2] In CF0189-25, the Defendant was charged with BURGLARY TO A MOTOR VEHICLE (As a 2nd Degree Felony) and ATTEMPTED THEFT (As a Petty Misdemeanor). *See People v. Susuico,* CF0189-25 (Indictment at 1–8 (Mar. 24, 2025)).

The standard for determining whether evidence is relevant under 401 is low; simply asking whether the evidence has something to do with the claims or defenses in the case. Similar to CF0492-22 and CF0189-25, the Defendant was charged in this case with theft-related offenses. The court finds that the Defendant's theft-related acts within CF0492-22 and CF0189-25 make it more or less probable that he committed the theft-related offenses charged in this case. Therefore, the Defendant's acts that formed the basis of his charges in CF0492-22 and CF0189-25 are relevant under GRE 401.

## B. Defendant Susuico's prior bad acts are admissible under GRE 402 and 404(b).

Here, the rules for the court to review are GRE 402 and 404(b). GRE 402 states that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Organic Act of Guam, by the laws of Guam, by these Rules or other rules prescribed by the Supreme Court of Guam pursuant to statutory authority. Evidence which is not relevant is not admissible.

Guam R. Evid. 402. In this case, the Defendant argues that GRE 404(b) is the other rule of evidence that would prevent this relevant evidence's admissibility at trial. GRE 404(b) states the following purposes where evidence of other crimes, wrongs, or acts are admissible at trial:

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

---

[2] Although the Superseding Indictment contains a total of six (6) charges in CF0492-22, the court will only focus on the theft-related offenses.

Guam R. Evid. 404(b). Under this evidentiary rule, "[e]vidence of other crimes or acts is admissible . . . 'except where it tends to prove *only* criminal disposition,'" *People v. Sablan,* 2023 Guam 4 ¶ 68 (quoting *United States v. Ayers,* 924 F.2d 1468, 1473 (9th Cir. 1991) (citation omitted)).

As of the Motion Hearing on June 17, 2025, the People filed no notice of intent to use 404(b) evidence. However, the People filed its Notice of Intent to Use 404(b) Evidence ("People's Notice") on August 18, 2025, while this Motion in *Limine* was under advisement. In regards to whether notice is considered reasonable, the Defendant states that if the People are aware of information, and it is within its possession for a long period of time, it is not reasonable to submit notice of intent to use 404(b) evidence weeks before trial. *See* Mot. Hr'g Mins. at 2:59:18 – 3:03:10PM (June 17, 2025).

While the Defendant reminds the court of his determination of what constitutes as reasonable notice, the court notes that it vacated the most recent trial date to address the Defendant's pending motions. *See* Mot. Hr'g Mins. at 10:17:50AM (May 28, 2025). Without a trial date set, the court finds that the People's Notice is reasonable. Should the Defendant need more time to review such 404(b) evidence and file the appropriate motions relating to it, he may do so in anticipation of trial.

Despite the People's Notice not being filed at the time of the Motion Hearing, the Defendant recognized how common it was for the People to bolster a case with prior bad acts of a defendant. *See* Mot. Hr'g Mins. at 2:59:18 – 3:03:10PM (June 17, 2025). However, the Defendant argues that "such evidence should be excluded under Rule 404(b) of the Guam Rules of Evidence, as its primary purpose would be to provide the jury's instinct to punish or otherwise

cause a jury to base its decision on something other than the crimes at issue in this case." Def.'s Mot. *Limine* Misconduct at 1.

In the People's Notice, the People state its intent to introduce evidence of the Defendant's crimes, wrongs, or other acts in CF0492-22 "to prove his motive, intent, plan, knowledge, or absence of mistake or accident to commit Theft by Receiving (as a Second-Degree Felony)." Ppl.'s Notice at 1 (Aug. 18, 2025). It is noteworthy that the People indicate that it "will not solicit evidence that the Defendant was criminally charged for the Rule 404(b) evidence, unless the defense opens the door for that information to come in." Ppl.'s Notice at 4. Because the People only provide notice with respect to the Defendant's acts in CF0492-22 in relation to the second charge in this case only, the court will restrict its discussion in such way to determine whether this evidence is admissible under GRE 404(b).

To determine whether the Defendant's prior bad acts in CF0492-22 are admissible to prove motive, intent, plan, knowledge, or absence of mistake or accident to commit THEFT BY RECEIVING in this 2024, this court seeks guidance through the Guam Supreme Court's application of the four-part test under *United States v. Hinton*, 31 F.3d 817, 822 (9th Cir. 1994). *See People v. Sablan*, 2023 Guam 4 ¶ 69. "Evidence of a prior bad act is admissible under GRE 404(b) when the People establish 'that the evidence (1) proves a material element of the crime currently charged; (2) is similar to the charged conduct; (3) is based on sufficient evidence; and (4) is not too remote in time." *Id.* (quoting *People v. Camaddu*, 2015 Guam 2 ¶¶ 12, 47).

> *(1) Whether Defendant Susuico's prior bad acts in CF0492-22 prove a material element of the second charge of THEFT BY RECEIVING in this case.*

"To be admissible, the first *Hinton* element requires GRE 404(b) evidence to be probative of a material element of the charged crime." *Sablan*, 2023 Guam 4 ¶ 70 (citing *People v. Palisoc*, 2002 Guam 9 ¶ 8; *Hinton*, 31 F.3d at 822). The Guam Supreme Court has previously found that

emphasizing multiple incidents, which followed a similar path as the incident at issue, makes an element of the currently charged offense more likely to establish intent, plan, and lack of mistake or accident. *See People v. Taitano*, 2015 Guam 33 ¶ 31 (citing *State v. Munoz*, 932 A.2d 443, 451 (Conn. App. Ct. 2007) (internal quotations omitted); S*tate v. Ondricek*, 535 N.W.2d 872 (S.D. 1995) (internal citations omitted)).

In its Notice, the People argue that the Defendant's prior bad acts in CF0492-22 prove a material element of the crime currently charged, because his prior bad acts "constitute the same exact offense for which he is charged with in the instant matter." Ppl.'s Notice at 3. The court agrees that prior bad acts relating to the THEFT BY RECEIVING charge in CF0492-22 could be offered to prove a lack of mistake or accident that the Defendant intentionally received movable property of another knowing it was stolen or believing that it was probably stolen in this case. Therefore, the first *Hinton* element is met.

> *(2) Whether Defendant Susuico's prior bad acts in CF0492-22 are similar to his conduct as to the second charge of THEFT BY RECEIVING.*

Under the second *Hinton* element, the court must determine whether there is a "sufficient[] similar[ity]" between the Defendant's prior bad acts in CF0492-22 and the conduct charged in this case. *See Sablan*, 2023 Guam 4 ¶ 76 (quoting *People v. John*, 2016 Guam 41 ¶ 24).

The People state that this element is met, because the Defendant's THEFT BY RECEIVING charge in CF0492-22 constitutes the exact same offense for which he is charged with in this case. *See* Ppl.'s Notice at 3. Upon review of the Indictment in this case, the Defendant was charged on three separate occasions with "intentionally receiv[ing], retain[ing], or dispos[ing] movable property of *Finnegayan Elementary School*, that is *inventory of school equipment*, knowing that it had been stolen or believing that it has probably been stolen, the amount involved exceeding $1,500.00, in violation of 9 GCA §§ 43.50(a) and 43.20(a)."

Indictment (July 19, 2024).[3] In CF0492-22, the Defendant was charged on twenty (20) separate occasions with intentionally receiving, retaining, or disposing the movable property of a named victim, in an amount exceeding $1,500.00, knowing that it had been stolen or believing that it has probably been stolen in violation of 9 GCA §§ 43.50(a) and 43.20(a). *See People v. Susuico,* CF0492-22 (Superseding Indictment at 1–8 (Oct. 29, 2024)).

Seeing that both offenses charged him in violation of the same statute, the court finds that the Defendant's prior bad act of THEFT BY RECEIVING in CF0492-22 is sufficiently similar to the conduct in this case. Therefore, the second *Hinton* element is met.

> *(3) Whether Defendant Susuico's prior bad acts in CF0492-22 are based on sufficient evidence.*

As to the third *Hinton* element, evidence of prior bad acts is admissible under GRE 404(b) if they are based on sufficient evidence. The court particularly reviews whether the People can show that a jury could reasonably conclude that a prior crime occurred on a specified date and that the defendant was the perpetrator. *See Palisoc,* 2002 Guam 9 ¶ 26 (citing *Huddleston v. United States,* 485 U.S. 681, 689, 108 S. Ct. 1496, 1501 (1998)).

Here, the People state that "the fact that the Defendant was criminally charged via indictment for the prior bad acts shows that they were based on sufficient evidence." Ppl.'s Notice at 3. Upon the court's review, the Honorable Vernon P. Perez granted the dismissal of the following counts attached to the Defendant's first and second charges of THEFT BY RECEIVING (As a 2nd Degree Felony): First Charge of THEFT BY RECEIVING (As a 2nd Degree Felony), Counts One, Two, and Four; and Second Charge of THEFT BY RECEIVING

---

[3] "A person is guilty of *theft* if he intentionally receives, retains or disposes of movable property of another knowing that it has been stolen or believing that it has probably been stolen. It is a defense to a charge of violating this Section that the defendant received, retained or disposed of the property with intent to restore it to the owner." 9 GCA § 43.50(a).

(As a 2nd Degree Felony) Counts One, Two, Three, Four, and Five of the Superseding Indictment. *People v. Susuico,* CF0492-22 (Dec. & Order at 4 (Apr. 23, 2025)). However, this court also reviewed the three Motion Hearings before the Honorable Vernon P. Perez in CF0492-22 where the two officers within Guam Police Department No. 22-19381 testified as to the Defendant's incriminating statements and the physical altercation at issue in the Motion in *Limine* in this case – GPD Officers Donny Pangelinan and Nate Lorenzo.[4] Therefore, the court finds that the third *Hinton* element is met with respect to the remaining counts of THEFT BY RECEIVING (As a 2nd Degree Felony) in CF0492-22.

*(4) Whether Defendant Susuico's prior bad acts in CF0492-22 are too remote in time.*

"The final prong of this four part test, proximity in time, looks to the relative gap between the prior bad act and the charged crimes. Courts have routinely declined to adopt a rigid rule that would act to freeze dates on a timeline for purposes of admissibility." *Palisoc,* 2002 Guam ¶ 27 (citing *United States v. Hadley,* 918 F.2d 848, 851 (9th Cir. 1990)).

The People state that the offenses are not too remote in time, because the Defendant was charged in CF0492-22 and CF0490-24 "between a span of just three years." Ppl.'s Notice at 4. In this case, the Defendant's prior bad acts in CF0492-22 were originally indicted approximately two (2) years prior to the offenses charged in this 2024 case. *See Hinton,* 31 F.2d at 823 (holding that two years is not too remote in time). Therefore, the court finds that the fourth *Hinton* element is met.

---

[4] *See generally People v. Susuico,* CF0492-22 (Mot. Hr'g Mins. at 3:22:44 – 4:42:55PM (June 24, 2025)); *see also People v. Susuico,* CF0492-22 (Mot. Hr'g Mins. at 4:26:57 – 5:18:06PM (July 2, 2025)); *see also People v. Susuico,* CF0492-22 (Mot. Hr'g Mins. at 11:26:46 – 12:12:45PM (July 7, 2025)).

Because all four elements under *Hinton* have been met, the court finds that evidence of the Defendant's prior bad acts surrounding his THEFT BY RECEIVING charge in CF0492-22 are admissible under GRE 404(b).

**C. Defendant Susuico's prior bad acts are admissible under GRE 403.**

"As an 'umbrella rule,' Rule 403 excludes unfairly prejudicial evidence regardless of the underlying admission rule." *People v. Sablan*, 2023 Guam 4 ¶ 90 (quoting *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002) (citation omitted)). In other words, all relevant evidence must be sifted through a balancing test under GRE 403.

Under this balancing test, the court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Guam R. Evid. 403. Because all relevant evidence is prejudicial against a defendant, GRE 403 asks us to look at whether the evidence is *substantially* prejudicial before granting exclusion at trial.

In his Motion in *Limine*, the Defendant argues that the primary purpose of offering his pretrial misconduct at trial "would be to provide the jury's instinct to punish or otherwise cause a jury to base its decision on something other than the crimes at issue in this case." Def.'s Mot. *Limine* at 1.[5] At the Motion Hearing, the Defendant adds that the pending adjudication of the crimes charged in CF0492-22 not only unduly prejudices him. *See* Mot. Hr'g Mins. at 2:59:18 – 3:03:10PM (June 17, 2025).

In its Notice, the People state that "any prejudice will be mitigated by the defense's cross-examination of the witnesses and could be further mitigated by a jury instruction on the proper

---

[5] Although the Defendant made this argument pursuant to GRE 404(b), the court finds that this argument is also relevant for its review of the balancing test under GRE 403.

use of Ruel 404(b) evidence." Ppl.'s Notice at 4. While this evidence is prejudicial against the Defendant, such evidence can only be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

As it has done in previous trials where GRE 404(b) evidence was presented to a jury, the court agrees that the Defendant's cross-examination of witnesses and a limiting jury instruction, which the parties review before presenting it to the jury, will diminish any substantial prejudice or confusion of the issues. Therefore, the court finds that the Defendant's prior bad acts in CF0492-22 are admissible under GRE 403 at this time.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For reasons stated above, the court hereby **DENIES** Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude Evidence of Misconduct Committed During Pretrial Detention and Pretrial Release.

**Subject to the party's ability to admit such evidence in accordance with the Guam Rules of Evidence at trial, this court's Decision & Order specifically denies the exclusion of the Defendant's prior bad acts relating to the THEFT BY RECEIVING charge in CF0492-22.**

**SO ORDERED** this SEP 1 5 2025 _____.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

OAG x
H-Quitugua
Date: 9|15|25 Time: 4:43
Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam